**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KAREN DAVIS,** | ) | **CASE NO. 5:12CV1982** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| vs. | ) | **OPINION AND ORDER** |
| | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| Defendant. | ) | |

<u>**CHRISTOPHER A. BOYKO, J.**</u>:

This matter comes before the Court upon Plaintiff's Objection (ECF DKT #17) to the Report and Recommendation (ECF DKT #16) of Magistrate Judge Burke, that the Court affirm the Commissioner's decision denying Plaintiff's Claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). For the following reasons, the Court ADOPTS Magistrate Judge Burke's Report and Recommendation and AFFIRMS the Commissioner's denial of Plaintiff's Claim for Disability Insurance Benefits and Supplemental Security Income.

## BACKGROUND

The following is a factual synopsis of Plaintiff's claims. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the

facts. Due to the nature of this case, there is an extensive medical background. For a complete overview of Plaintiff's medical history, see Magistrate Judge Burke's Report and Recommendation which refers to the original Complaint and incorporates all documents in relation to the dispute.

On March 16, 2009, Plaintiff filed her applications for DIB and SSI, alleging a disability onset date of September 15, 2008. She has alleged disability based on fibromyalgia, arthritis, foot pain, back pain, gastrointestinal problems, breathing problems, depression and anxiety. After initial denial by the state agency, and denial upon reconsideration, Plaintiff requested a hearing. An administrative hearing was held before an Administrative Law Judge ("ALJ") on February 4, 2011. At her administrative hearing, Plaintiff was represented by counsel. She testified regarding the impact that her pain, fatigue, anxiety and gastrointestinal problems have on her day-to-day activities.

In his February 15, 2011 decision, ALJ James A. Hill determined that Plaintiff had not been under a disability from September 15, 2008, through the date of the ALJ's decision. Plaintiff requested review of the ALJ's decision by the Appeals Council. On June 21, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

## STANDARD OF REVIEW

The Court exercises jurisdiction over the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 832-33 (6th Cir. 2006). In conducting judicial review, the Court must affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence. *Id. (citing Branham v. Gardner*, 383 F.2d 614, 626-27 (6th Cir. 1967)). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . ." *McClanahan*, 474 F.3d at 833 (*citing* 42 U.S.C. § 405(g)). "Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McClanahan*, 474 F.3d at 833 (*citing Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992)). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion . . . This so because there is a 'zone of choice' within which the Commissioner can act, without the fear of court interference." *McClanahan*, 474 F.3d at 833 (*citing Buxton v. Halter,* 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted)).

## LAW AND ANALYSIS

The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical for purposes of this case, and are found at 20 C.F.R. §§ 404.1520 and 416.920. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). DIB and SSI are available only for those who have a "disability." 42 U.S.C. § 423(a), (d); *see also* 20 C.F.R. § 416.920. "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Colvin*, 475 F.3d at 730 (*citing* 42U.S.C. § 423(d)(1)(A)) (definition used in the DIB context); *see also* 20 C.F.R. § 416.905(a) (same definition used in the SSI context).

The Commissioner uses a five-step sequential evaluation process to evaluate a DIB or SSI claim. First, a claimant must demonstrate he is not engaged in "substantial gainful activity" at the time he seeks disability benefits. *Colvin,* 475 F.3d at 730 (*citing Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)). Second, a claimant must show he suffers from a "severe impairment." *Colvin*, 475 F.3d at 730. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." *Id.* (*citing Abbott*, 905 F. 2d at 923). At the third step, a claimant is presumed to be disabled

regardless of age, education, or work experience if he is not engaged in substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets the requirements of a "listed" impairment. *Colvin*, 475 F.3d at 730.

Prior to considering step four, the Commissioner must determine a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). An individual's residual functional capacity is an administrative "assessment of [the claimant's] physical and mental work abilities – what the individual can or cannot do despite his or her limitations." *Converse v. Astrue*, 2009 U.S. Dist. LEXIS 126214, *16 (S.D. Ohio 2009); *see also* 20 C.F.R. § 404.1545(a). It "is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis . . . A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Converse*, 2009 U.S. Dist. LEXIS 126214 at *17 (quoting SSR 96-8p, 1996 SSR LEXIS 5 (July 2, 1996) (emphasis in original) (internal citations omitted)). The Commissioner must next determine whether the claimant has the residual functional capacity to perform the requirements of his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If he does, the claimant is not disabled.

Finally, even if the claimant's impairment does prevent him from doing past relevant work, the claimant will not be considered disabled if other work exists in the national economy that he can perform. *Colvin*, 475 F.3d at 730 (*citing Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001) (internal citations omitted) (second alteration in original)). A dispositive finding by the Commissioner at any point in the five-step process terminates the review. *Colvin*, 475 F.3d at 730 (*citing* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)).

In his February 15, 2011 decision, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed

impairments.  The ALJ determined that there are jobs that exist in the national economy that Plaintiff can perform, and Plaintiff had not been under a disability from September 15, 2008, through the date of the decision.  Plaintiff argues that the ALJ's determination that she has the residual functional capacity to perform a range of light, unskilled work, is not supported by substantial evidence.  Plaintiff also argues that the ALJ erred by not finding her gastrointestinal impairment to be a severe impairment, and the ALJ did not properly evaluate her credibility as it pertained to her fibromyalgia.

Specifically, Plaintiff argues that the ALJ erred when he concluded, at step two, that her gastrointestinal impairments were not severe.  At step two, a claimant must show that she suffers from a severe medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii).  It is Plaintiff's burden to show the severity of her impairments.  *Foster v. Secretary of Health & Human Svcs.*, 1990 U.S. App. LEXIS 5725, *5 (6th Cir. 1990).

The Magistrate Judge thoroughly examined the record and determined that there are no statements by a treating physician indicating that Plaintiff's gastrointestinal problems result in any specific work-impairing limitations.  Although Plaintiff complains of allegedly severe and disabling symptoms, she did not require regular gastroenterologist visits.  For example, as noted by the ALJ, Plaintiff did not seek treatment for her gastrointestinal problems for a period of two years.  She saw Dr. Fahmy in 2008 and, notwithstanding an emergency room visit in 2009 which included a recommendation to follow-up with her gastroenterologist "ASAP," Plaintiff did not see Dr. Fahmy again until 2011.

In Plaintiff's Objections to Magistrate's Report and Recommendation, she asserts the ALJ misunderstood or misread that Plaintiff had developed an abnormality in her gastrointestinal tract.  Plaintiff does not make clear how that fact explains why she did not seek treatment from a gastroenterologist.  The Magistrate Judge points out that in an

attempt to discredit the ALJ's reliance on Plaintiff's two year gap in gastroenterology treatment as a reason for finding her gastrointestinal impairment to not be severe, Plaintiff argues that the records support her claim that her symptoms persisted during that two year gap in treatment.  She points to the emergency room visit in January 2009, wherein she complained of diarrhea, however, an ultrasound was taken of Plaintiff's abdomen at that time and the results were normal.  Plaintiff did not see the gastroenterologist after the emergency room visit until January 6, 2011.

The ALJ noted that objective medical tests were normal.  The 2008 esophagogastroduedenoscopy ("EGD")  revealed esophagitis, moderate gastritis and dueodenitis, and the 2011 EGD revealed esophagitis, mild to moderate gastritis, and a bezoar occupying 30% of gastric volume.  Dr. Fahmy's treatment recommendations were limited to prescription medication, a low residue diet, and follow-ups.  The Court agrees that Plaintiff's argument that her gastrointestinal impairments were severe is unsupported by medical evidence.  The Magistrate Judge correctly concluded that the ALJ's decision, under step two, that Plaintiff's gastrointestinal impairments were non-severe, is supported by substantial evidence.  Therefore, the Court does not find reversal and remand necessary.

The Magistrate Judge further discussed Plaintiff's challenge to the ALJ's credibility assessment relating to her fibromyalgia.  The Sixth Circuit has recognized that fibromyalgia can result in a disability.  *See, e.g., Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 818 (6th Cir. 1988).  However, a "diagnosis of fibromyalgia does not automatically entitle [a claimant] to disability benefits."  *Vance v. Comm'r of Soc. Sec.*, 260 Fed. App'x 801, 806 (6th Cir. 2008), *citing and quoting Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("'Some people may have a severe case of fibromyalgia as to be totally disabled from working . . . but most do not and the question is whether [the claimant] is one of the minority.'")).

The Magistrate Judge thoroughly outlines the criteria used by the ALJ in evaluating the claimant's complaints of pain and the credibility of her testimony.  An ALJ's findings concerning the credibility of a claimant's testimony about his or her pain or other symptoms "are to be accorded great weight and deference, particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility."  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997).  In reviewing an ALJ's credibility determination, a court is "limited to evaluating whether or not the ALJ's explanations for partially discrediting [claimant's testimony] are reasonable and supported by substantial evidence in the record."  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

The Magistrate Judge determined that, in this case, the ALJ was correct in finding that Plaintiff's allegation that her fibromyalgia prevented her from performing any work was not entirely credible.  In the Report and Recommendation, the Magistrate Judge addressed the ALJ's consideration of Plaintiff's medical reports and treatment recommendations.  The ALJ determined that Plaintiff could perform a limited range of light work with certain restrictions and was therefore not disabled.  In reaching this decision, the ALJ considered, among other things, evidence of exaggeration of symptoms, non-compliance with treatment recommendations, consultative examination findings, and mental health treatment.  The Magistrate Judge found that the ALJ's analysis of the evidence is sufficiently clear to show that the ALJ conducted a proper credibility assessment, and that determination is supported by substantial evidence. SSR 96–7p, 1996 WL 374186, at 4.

Plaintiff complains that the ALJ did not precisely address each specific factor outlined in Social Security Ruling 96-7p.  In her Objections to the Report and Recommendation, Plaintiff states the ALJ did not consider or articulate any analysis of the SSR 96-7p factors.  The Court does not agree.  It is clear that even though the ALJ did

not individually address each factor, his written decision demonstrates that he reasonably assessed Plaintiff's credibility and considered the relevant evidence.  The Magistrate Judge found the decision to be sufficiently clear to allow a reviewing court to determine the weight the ALJ gave to Plaintiff's complaints of debilitating pain.  *See Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 732-33 (N.D. Ohio 2005).  The Court finds that the Magistrate Judge correctly applied the pertinent law.

## CONCLUSION

Based upon the foregoing analysis, the Court finds that Plaintiff's Objections are without merit, and the Commissioner's decision denying SSI and DIB benefits is supported by substantial evidence.  Therefore, the Magistrate Judge's Report and Recommendation (ECF DKT #16) is ADOPTED and the Commissioner's denial of Plaintiff's Claim is AFFIRMED.

**IT IS SO ORDERED.**

**DATE: July 31, 2013**

                 **s/Christopher A. Boyko**
                 **CHRISTOPHER A. BOYKO**
                 **United States District Judge**